**Donald M. CLARK et al.**

v.

**Aimee L. CAIN et al.**

Supreme Court of Tennessee,
AT KNOXVILLE.

Filed October 16, 2015

## ORDER

PER CURIAM

Plaintiffs filed a negligence claim against defendants Aimee L. Cain, AT & T Corp., AT & T Mobility, LLC, and AT & T Mobility Services, LLC (collectively "Defendants") for personal injuries resulting from a motor vehicle collision. Plaintiffs sought non-economic damages in excess of the statutory cap under Tennessee Code Annotated section 29–39–102, and also requested that the trial court declare the statutory cap unconstitutional. Defendants moved for partial summary judgment, seeking to limit any award of non-economic damages to the amount permitted under the statute. Plaintiffs responded that the statutory cap was unconstitutional. The State, named as a party solely to defend the constitutionality of the statute, responded that the issue was not yet ripe because Plaintiffs had not yet been,

and might never be, awarded a judgment in excess of the cap. The trial court disagreed, denied Defendants' motions for partial summary judgment, and held the statute unconstitutional. The trial court granted Defendants an interlocutory appeal and stayed proceedings pending resolution of an appeal. The Court of Appeals denied Defendants' application for permission to appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure.

Defendants and the State filed applications for permission to appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. In their answer, Plaintiffs concurred that this Court should resolve the issue of the constitutionality of the statutory cap on non-economic damages. We disagree.

This Court recently addressed the related doctrines of justiciability and ripeness at length in *West v. Schofield,* 468 S.W.3d 482 (Tenn.2015). In *West* we noted that Tennessee courts have long recognized that "the province of a court is to decide, not advise, and to settle rights, not to give abstract opinions." *Id.* at 490 (internal quotation marks omitted). Tennessee courts, therefore, decide only "legal controversies," which exist "when the disputed issue is real and existing, and not theoretical or abstract, and when the dispute is between parties with real and adverse interests." *Id.* (internal quotation marks omitted). With respect to the ripeness doctrine in particular, we explained:

> Ripeness ... requires a court to answer the question of whether the dispute has matured to the point that it warrants a judicial decision. [R]ipeness is peculiarly a question of timing. [I]ts basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.... The central concern of the ripeness doctrine is

whether the case involves uncertain or contingent future events that may or may not occur as anticipated or, indeed, may not occur at all.

In determining whether a particular case is ripe, courts typically engage in a two-part analysis, evaluating (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration.

*Id.* at 490–91 (citations and internal quotation marks omitted). We ultimately concluded that the electrocution claims at issue in *West* "depend entirely on future and contingent events that have not occurred and may never occur, and as a result, are unripe and nonjusticiable." *Id.* at 494.

 The same may be said with respect to the issue of the constitutionality of the statutory cap on non-economic damages in this case. The statutory cap on non-economic damages will have no relevance in this case unless and until Plaintiffs obtain a verdict in excess of that cap. Under the terms of the statute, the limitation on the amount of non-economic damages is not disclosed to the jury; the cap is only applied by the trial court after a plaintiff's verdict and an award of damages subject to and in excess of the cap. Tenn. Code Ann. § 29–39–102(g); *see also Monypeny v. Kheiv*, No. W2014–00656–COA–R3–CV, 2015 WL 1541333, at *24 (Tenn. Ct. App. Apr. 1, 2015) ("[T]he jury should make its award as if the statutory cap does not exist, and the jury's award should be based only on its determination of the allocation of fault in the case and its determination of the type and amount of damages."). Whether the cap is implicated in this case thus remains an open question, and the issue of the constitutionality of that cap is not ripe for determination at this time. *See Gummo v. Ward*, No. 2:12–00060, 2013 WL 5446074 at *1–2 (M.D.Tenn. Sept. 30, 2013) (finding that plaintiff's claim that caps on non-economic and punitive damages are unconstitutional was not ripe for consideration). The trial court, therefore, acted prematurely in considering Defendants' motion for partial summary judgment and Plaintiffs' constitutional challenge at this stage of the proceedings. Such consideration properly should await a verdict in favor of Plaintiffs in excess of the statutory cap, should the same occur.

Accordingly, upon consideration of the applications for permission to appeal of Defendants and of the State, the answer of Plaintiffs, and the record before us, the applications are granted, the judgment of the trial court is vacated, and the case is remanded to the trial court for proceedings consistent with this Order.